**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-2793-WJM

WENDY STALHEIM,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY, a/k/a GEICO CASUALTY COMPANY, a/k/a GEICO INDEMNITY COMPANY, a/k/a GEICO AGENCY,

    Defendant.

---

## ORDER DENYING MOTION TO REMAND

---

Plaintiff Wendy Stalheim ("Stalheim") sued Defendant GEICO General Insurance Company ("GEICO") in Colorado state court, alleging that GEICO wrongfully denied her claim for underinsured motorist benefits. (ECF No. 1-1 at 5–6.) GEICO removed to this Court, alleging diversity of citizenship under 28 U.S.C. § 1332(a), given that Stalheim is a Colorado resident and GEICO is a Maryland resident. (ECF No. 1 ¶ 5.)

Currently before the Court is Stalheim's Motion to Remand to Denver District Court, claiming that the amount in controversy in this matter is less than $75,000, thus defeating diversity jurisdiction. (ECF No. 8.) GEICO has filed a Response. (ECF No. 9.) Stalheim filed no Reply. For the reasons explained below, Stalheim's Motion to Remand is denied.

### I.  LEGAL STANDARD

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between

citizens of different states. 28 U.S.C. § 1332(a). If, as here, "the in-state plaintiff wishes to remain in state court, all it needs to do is to refrain from alleging any particular sum in its prayer for relief . . . , and . . . the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Once the defendant puts forth facts indicating that the jurisdictional amount is satisfied, it is entitled to remain in federal court unless it is "legally certain" that only $75,000 or less is at stake. *Id*. at 954.

To satisfy its burden, the defendant may rely on an estimate of the potential damages from the allegations in the complaint. *Id*. at 955. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. *Id*. Moreover, a plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id*. at 956. "If the amount is uncertain then there is potential controversy, which is to say that [more than $75,000] is in controversy in the case." *Id*. at 954. Put differently, once the facts have been established, uncertainty about whether damages will exceed the threshold does not justify dismissal. *Id*. at 955.

## II. ANALYSIS

Stalheim asserts that her underinsured motorist policy limit is $50,000, which supposedly demonstrates that this lawsuit cannot be worth more than $50,000. (ECF No. 8 ¶ 3.)[1] GEICO responds by noting that Stalheim has demanded her policy limits

---

[1] Stalheim further asserts that GEICO "made an offer of $1,500 to resolve this uninsured motorist claim. This shows that [GEICO] values this claim below the $75,000 [threshold]." (*Id.*

(*see* ECF No. 9-4 at 2), and she asserts a cause of action for unreasonable delay or denial of insurance benefits under Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116 (ECF No 1-1 at 6–7).  This cause of action entitles Stalheim to claim "reasonable attorney fees and court costs and two times the covered benefit."  Colo. Rev. Stat. § 10-3-1116(1).  Thus, says GEICO, the amount in controversy here is at least $100,000.  (ECF No. 9 at 4.)

As previously noted, Stalheim filed no Reply, so the Court is unaware of any facts or argument that would controvert GEICO's position.  In other words, nothing in this record demonstrates that it is "legally certain" that $75,000 or less is at stake.  *McPhail v. Deere & Co.*, 529 F.3d at 954.  GEICO has therefore carried its burden to establish that more than $75,000 is in controversy.

### III.  CONCLUSION

For the foregoing reasons, Stalheim's Motion to Remand (ECF No. 8) is DENIED.

Dated this 28th day of March, 2016.

BY THE COURT:

William J. Martinez
United States District Judge

---

¶ 4.)  Stalheim does not cite, and the Court is unaware of, any authority for the proposition that a defendant's settlement offer (as opposed to a plaintiff's) is relevant to the amount-in-controversy analysis.